**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN L. WAGER, JR.,

                              Petitioner,

        - v -                                       Civ. No. 9:08-CV-432
                                                           (FJS/RFT)

JAMES CONWAY, *Superintendent,*

                              Respondent.

**APPEARANCES:**                               **OF COUNSEL:**

JOHN L. WAGER, JR.
Petitioner, *Pro Se*
92-B-1683
Attica Correctional Facility
Box 149
Attica, N.Y. 14011

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a Petition for a Writ of *Habeas Corpus* along with an Application to proceed *in Forma Pauperis*. Dkt. Nos. 1 & 3. Also before us is Wager's Motion requesting an extension of time to prepare and file a legal brief. Dkt. No. 4. In his *habeas* Petition, Wager states he was convicted of coercion in the first degree, but that the Appellate Division, Third Department, reversed the conviction and entered a judgment for the lesser included offense of attempted coercion in the first degree. Dkt. No. 1. Petitioner takes issue with the judgment entered by the Appellate Division, though it is unclear on what grounds.[1] *Id.* In addition, Petitioner asserts that he was wrongly sentenced as a persistent felony offender. *Id.*

---

[1] Petitioner states, his "conviction [was] obtained to a trial court's charge that was not raised by a specific objection or protest at or before trial."

## I.  DISCUSSION

### A.  Statute of Limitations

In accordance with the provisions the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] federal *habeas* petitions challenging a state court judgment are subject to a one-year statute of limitations.  Specifically, 28 U.S.C. § 2244(d) provides:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety (90) days during which the party could have sought *certiorari* in the United States Supreme Court.  *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of the Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed.").  The one-year limitations period is tolled during the pendency of a properly filed application for post-conviction or other collateral review.  28 U.S.C. § 2244(d)(2).  However, the AEDPA's tolling

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

provision does not operate so as to restart the one-year limitations period at the conclusion of the state court proceedings. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

By his Petition, Wager asserts that the Appellate Division entered the judgment against him on December 16, 1993. Thereafter, the New York State Court of Appeals denied him leave to appeal on February 9, 1994. Wager also asserts that he made ten (10) separate motions to vacate his conviction pursuant to N.Y. CRIM. PROC. L. ("CPL") § 440 from 1992 through 2007. However, it is unclear when those motions were filed and finally decided, and consequently, it is also unclear when the statute of limitations was tolled during that period of time.

In order for this Court to determine whether the Petition is timely, it is necessary for the Petitioner to provide the Court with the dates on which the motions pursuant to CPL § 440 were originally filed, to accompany the dates they were denied by the trial court. If Petitioner appealed any of the decisions rendered with respect to his § 440 motions, he must also include the dates those appeals were filed and finally decided. Therefore, it is recommended that the District Court direct Petitioner to file with the Court, **within thirty (30) days** from the date the District Court adopts this Report-Recommendation, an amended petition that fully sets forth all the appeals he has taken relative to his convictions, the dates on which each was filed and decided, and the dates on which his motions pursuant to CPL § 440 were filed and decided, both in the trial court and in the appellate courts.

### B. *Habeas* Petition

Rule 2 of the Rules Governing Habeas Corpus Proceedings provides that the petition must:

(1) specify all the grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten, and

(5) signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

A review of the Petition reveals that such pleading fails to satisfy the requirements of the above-mentioned rule. Although Petitioner appears to assert that the Appellate Division, Third Department, erred when it dismissed his conviction on coercion in the first degree and entered a judgment for the lesser included offense of attempted coercion in the first degree, he does not make clear why he believes that decision was in error. Similarly, it is unclear what the basis is for Petitioner's claim that the conviction was obtained "by a violation of the protection against double jeopardy and a miscarriage of justice." Dkt. No. 1 at Ground 2.

Since the Petition plainly does not comply with the requirements of the above-mentioned rule, and for the reasons stated above, it is recommended that Petitioner be advised that unless he files an amended petition **within thirty (30) days** of the date the District Court adopts this Report-Recommendation, this action will be dismissed without further Order of the Court.

Should the District Judge adopt this recommendation, we provide the following guidance for Plaintiff in drafting an amended petition. Petitioner should clearly state why he believes the Appellate Division erred in entering the judgment for the lesser included offense and how his conviction was obtained through a miscarriage of justice. Furthermore, he is cautioned that no portion of any prior petition shall be incorporated into his amended petition by reference. Moreover, Petitioner shall submit only one amended petition in accordance with the terms of this Report-Recommendation. Therefore, **Petitioner shall state in the single amended petition filed in accordance with the terms of this Report-Recommendation all grounds that he wishes this Court to consider as a bases for awarding him the relief he seeks therein.**

As to Plaintiff's *in Forma Pauperis* Application, after reviewing the entire file, the Court

finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

Finally, with respect to Petitioner's Motion for an extension of time to file a legal brief, it is recommended that such motion be denied as moot. Should the District Judge adopt this Report-Recommendation, Petitioner will have an additional thirty (30) days to file an amended petition, which may include a separate memorandum of law setting forth any legal arguments he wishes to raise.

**WHEREFORE**, it is hereby

**RECOMMENDED**, Petitioner file with the Court **within thirty (30) days** from the date that the District Court adopts this Report-Recommendation, an amended petition which sets forth all the appeals he has taken relative to his convictions, the dates on which each was filed and decided, and the dates on which his motions pursuant to CPL § 440 were filed and decided, both in the trial court and in the appellate courts; and it is further

**RECOMMENDED**, that said amended petition be written in full compliance with Rule 2 of the Rules Governing Section 2254 cases in the U.S. District Courts as detailed above. Petitioner should clearly state why he believes the Appellate Division erred in entering the judgment for the lesser included offense and how his conviction was obtained through a miscarriage of justice. In the event that this Report-Recommendation is adopted, the Clerk is directed to provide Petitioner with a blank § 2254 *habeas* petition for his use in complying with this Report-Recommendation; it is further

**RECOMMENDED**, that if Petitioner fails to file such an amended petition **within thirty (30) days** from the date the District Court adopts this Report-Recommendation, the instant action be dismissed without further order of this Court due to Petitioner's failure to comply therewith; and

it is further

**RECOMMENDED**, that upon full compliance by the Petitioner with this Report-Recommendation as directed above, the file in this matter be returned to the Court for further review; and it is further,

**RECOMMENDED,** that Petitioner's Motion for an extension to file a legal brief be denied as moot; and it is further

**ORDERED**, that Petitioner's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**;[3] and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED.**

Date:   May 30, 2008

       Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

---

[3] Although his *In Forma Pauperis* Application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.